IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASERTA CORPORATION,<br>      Plaintiff, | )<br>)<br>) |
| vs | ) Civil Action 09-539<br>) |
| INTERNATIONAL UNION OF PAINTERS<br>AND ALLIED TRADES, LOCAL 57,<br>      Defendant. | )<br>)<br>)<br>) |

MEMORANDUM OPINION AND ORDER

MITCHELL, Magistrate Judge:

Presently before the Court is the plaintiff's motion to remand this action to the Court of Common Pleas of Lawrence County, PA. For reasons discussed below, the plaintiff's motion to remand (Document No. 5) is denied.

On April 23, 2009, the plaintiff, Caserta Corporation, filed a declaratory judgment action in the Court of Common Pleas of Lawrence County, PA against the defendant, International Union of Painters and Allied Trades, Local 57, at C.A. No. 10687 of 2009.[1] In its action for a declaratory judgment, the plaintiff alleges that on July 17, 2006, it entered into a Collective Bargaining Agreement with the defendant (the "CBA"), and from July 17, 2006 through May 25, 2008, it complied with all terms and conditions of the CBA; that by letter to the

---

1. These parties are involved in a related action filed in this Court at C.A. 09-445 which pre-dates the plaintiff's declaratory judgment action. In the related action, the International Union of Painters and Allied Trades, District Council 57, AFL-CIO filed a "Complaint to Enforce Joint Labor-Management Decision" against Caserta Corporation on April 16, 2009, alleging facts which are also asserted in its counterclaim in this case, discussed infra.

defendant dated May 25, 2008, it terminated the CBA[2]; and that the defendant produced a successor Collective Bargaining Agreement dated June 26, 2008 on which the signatory for the plaintiff was forged (the "successor CBA"), as the plaintiff's President, Anthony L. Perrotta, never signed the signatory, nor gave anyone permission to execute his signature on it.

In its state court action, the plaintiff seeks a declaration that the successor CBA is void by virtue of its aforesaid termination letter to the defendant. The plaintiff also seeks to enjoin the defendant from enforcing the successor CBA, from collecting any lost wages, benefits and dues as of the date of the plaintiff's termination of the CBA, and to vacate any awards issued pursuant to the successor CBA.

On May 4, 2009, the defendant filed a timely notice of removal to this Court, averring that the Court has original jurisdiction of this matter pursuant to § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). In relevant part, § 301(a) of the LMRA provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount of controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

On June 3, 2009, the defendant filed an answer, affirmative defenses and a counterclaim to the plaintiff's action for declaratory judgment. In its counterclaim, the defendant avers that the plaintiff never terminated the CBA; that in June 2008, the parties executed the

---

2. See, Exhibit 2 attached to the plaintiff's action for a declaratory judgment.

successor CBA, which is effective June 1, 2008 through May 31, 2010[3]; and that the plaintiff violated the terms of the successor CBA, such that the defendant filed a grievance against it pursuant to the procedure set forth in the successor CBA. The defendant also asserts in its counterclaim that by letter dated November 7, 2008, it notified the plaintiff that a hearing on its grievance was scheduled for November 17, 2008[4]; that on November 17, 2008, a hearing was held on its grievance, but the plaintiff did not attend; that on November 17, 2008, the Labor Management Cooperation Committee issued an award, finding that the plaintiff violated the successor CBA and owes the defendant lost wages and benefits totaling $41,132.88, plus interest and liquidated damages[5]; and that the plaintiff has failed to comply with the award and continues to violate the successor CBA.

On June 3, 2009, the plaintiff moved to remand this action pursuant to 28 U.S.C. § 1447(c).[6] In support of remand, the plaintiff argues that § 301(a) of the LMRA does not confer subject matter jurisdiction on this Court, because its action for a declaratory judgment is not a "suit for violation of a contract", but rather claims that the parties have no current labor contract between them.

The United States Supreme Court has stated that "[b]y its terms, [§ 301(a) of the LMRA] confers federal subject-matter jurisdiction only over '[s]uits for violation of contracts.'".

---

3. See, Exhibit 2 attached to the defendant's answer and counterclaim.

4. See, Exhibit 4 attached to the defendant's answer and counterclaim.

5. See, Exhibit 5 attached to the defendant's answer and counterclaim.

6. In pertinent part, 28 U.S.C. § 1447(c) provides: "... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Textron Lycoming Reciprocating Engine Div. v. United Automobile, Aerospace and Agricultural Implement Workers of America, Int'l. Union, 523 U.S. 653, 657 (1998). The Court counseled that "'[s]uits for violation of contracts' under § 301(a) [of the LMRA] are not suits that claim a contract is invalid, but suits that claim a contract has been violated." Id. Thus, in Textron Lycoming, the Court narrowly interpreted § 301(a), finding that it encompasses suits "filed *because a contract has been violated.*" Id (emphasis in original).[7]

Here, in determining the propriety of removal, we look to the plaintiff's complaint. Generally, under the "well-pleaded complaint" rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The rule makes the plaintiff the "master of the claim", as it can avoid federal jurisdiction by relying solely on state law. Id. Indeed, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint". Id. at 393 (emphasis in original).

Importantly, there is an exception to the well-pleaded complaint rule known as the "complete preemption" doctrine. Caterpillar, supra, 482 U.S. at 393. As explained in

---

7. In Textron Lycoming, the Supreme Court explained that if subject matter jurisdiction is established under § 301(a), a federal court may adjudicate the validity of a contract in the following situations: "[I]f, in the course of deciding whether a plaintiff is entitled to relief for the defendant's alleged violation of a contract, the defendant interposes the affirmative defense that the contract was invalid, the court may, consistent with § 301(a), adjudicate that defense ... Similarly, a declaratory judgment plaintiff accused of violating a collective-bargaining agreement may ask a court to declare the agreement invalid." 523 U.S. at 657-58 (citation omitted). "[I]n these cases, the federal court's power to adjudicate the contract's validity is ancillary to, and not independent of, its power to adjudicate '[s]uits for violation of contracts.'" Id.

<u>Caterpillar</u>:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. ... Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

482 U.S. at 393 (citations omitted). Also see, <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 23 (1983) ("[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for 'violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.").

In <u>Caterpillar</u>, the Court noted that "[t]he complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA." 482 U.S. at 393. As to the scope of the preemptive force of § 301, the Court stated: "Section 301 governs claims founded directly on rights created by collective bargaining agreements, and also claims 'substantially dependent on analysis of a collective bargaining agreement.'" <u>Id.</u> at 394, quoting <u>Electrical Workers v. Hechler</u>, 481 U.S. 851, 859, n.3 (1987). Also see, <u>Briones v. Bon Secours Health System</u>, 69 Fed. Appx. 530, 534, 2003 WL 21467224, *3 (3d Cir., June 23, 2003) (holding that "there is complete preemption under § 301 where 'the plaintiff, in its well-pleaded complaint, ... plead[s] an action that requires interpretation of [a] collective bargaining agreement.'"), quoting <u>Berda v. CBS Inc.</u>, 881 F.2d 20, 25 (3d Cir. 1989).

Conversely, "[c]laims bearing no relationship to a collective-bargaining agreement beyond the fact that they are asserted by an individual covered by such an agreement

5

are simply not pre-empted by § 301." Caterpillar, 482 U.S. at 397. For instance, "a state battery suit growing out of a violent strike would not arise under § 301 simply because the strike may have been a violation of an employer-union contract." Franchise Tax Bd., supra, 463 U.S. at 25, n.28.

Here, the plaintiff's state court "action for declaratory judgment" is preempted by § 301, as it requires the interpretation of a collective bargaining agreement. Indeed, in the introductory paragraph to its action for declaratory judgment, the plaintiff states in pertinent part:

> AND NOW COMES, the Plaintiff, ... and respectfully represents the following pursuant to the Declaratory Judgments Act, ... *for the interpretation of a collective bargaining agreement:* (emphasis added).

The plaintiff is correct that its action for declaratory judgment requires the interpretation of a collective bargaining agreement. As recited above, the plaintiff claims that it terminated the CBA, and it seeks to enjoin the defendant from collecting any lost wages, benefits and dues as of the date of its termination. To ascertain if the plaintiff's termination of the CBA was proper, a Court would have to analyze the CBA.

Further, the plaintiff seeks a declaration that the successor CBA is void, that the defendant is enjoined from enforcing it, and that any award issued pursuant to the successor CBA (as by the Labor Management Cooperation Committee discussed above) is vacated. Again, the plaintiff's request for relief requires the interpretation of a labor contract.

The Third Circuit Court of Appeals has stated that "[a] decision rendered by a joint-labor-management grievance committee ... is entitled to the same deference due the decision of an arbitrator". Service Employees Int'l. Union, Local 36 v. City Cleaning Co., 982 F.2d 89, 92 (3d Cir. 1992). "[A]n arbitration award ordinarily will not be vacated unless its

essence is not drawn from the collective bargaining agreement." PA Power Co. v. Local Union No. 272, IBEW, 276 F.3d 174, 178 (3d Cir. 2001), cert. denied, 536 U.S. 959 (2002). Thus, to determine if an award issued pursuant to the successor CBA should be vacated, a Court would have to analyze and interpret the agreement, especially if it found that the signatory for the plaintiff was not forged on the agreement.

Based on the foregoing, the plaintiff's state court suit is completely preempted by § 301 of the LMRA. As such, the defendant properly removed the action to this Court.

An appropriate Order will be entered.

## O R D E R

AND NOW, this 23rd day of June, 2009, for the reasons set forth in the Court's Opinion and Order,

IT IS ORDERED that the plaintiff's motion to remand this action to the Court of Common Pleas of Lawrence County, PA (Document No. 5) is denied.

s/ ROBERT C. MITCHELL
United States Magistrate Judge